UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 10-10405-JLT |
| v. ) | |
| ) | |
| DOUGLAS W. BOONE, ) | |
| Defendant. ) | |

### FINAL ORDER OF FORFEITURE

**TAURO, D.J.**

WHEREAS, on December 1, 2010, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Douglas W. Boone (the "Defendant") with Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense in violation of 18 U.S.C. § 2251(a) set forth in Count One of the Indictment, of any matter which contains visual depictions produced, transported, mailed, shipped, or received in violation of Title 18 Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of the said violations; and any property, real or personal, used or intended to be used to commit or to promote the commission of the violations or any property traceable to such property;

WHEREAS, the property includes, but is not limited to:

    (a)    one Samsung cell phone bearing serial number sphm5502ks;

    (b)    one 320 GB Western Digital external hard drive

B

                bearing serial number 1803711260;

(c)      one MSI CPU bearing serial number D72550244500360;

(d)      one Toshiba laptop bearing serial number 49309417Q;

(e)      five compact discs;

(f)      one ZIP Drive and multiple ZIP Disks; and

(g)      one Belkin Network Card

(collectively, the "Properties");

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. § 2253, incorporating 21 U.S.C. § 853(p);

WHEREAS, on October 27, 2011, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment pursuant to a written plea agreement (the "Agreement"), which the Defendant signed on October 27, 2011;

WHEREAS, in Section 10 of the Agreement, the Defendant admitted that the Properties are subject to forfeiture on the grounds that they contain visual depictions which were produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Chapter 110; constitute or are traceable to gross profits or other proceeds obtained as a result of such

offenses; were used or intended to be used to commit or to promote the commission of the offenses; and/or are property traceable to such property;

WHEREAS, on January 5, 2012, this Court issued a Preliminary Order of Forfeiture against the Properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties and published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on January 25, 2012 and ending on February 23, 2012; and

WHEREAS, no claims of interest in the Properties have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so has expired.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Properties, and they are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

3. All other parties having any right, title or interest in the Properties are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the in accordance with applicable law.

Dated: 6/18/12

JOSEPH L. TAURO
United States District Judge

3